UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

AMITY EXCAVATION &
CONSTRUCTION SERVICES, LLC,

    Plaintiff,

                                                      No. 3:13-cv-1736(WWE)(WIG)

      v.

PROGRESSIVE CASUALTY
INSURANCE COMPANY,

    Defendant.
_____X

**ORDER REGARDING DISCOVERY ISSUES**

This case arose from a dispute regarding insurance coverage for a vehicle owned by the Amity Excavation & Construction Services, LLC ("Amity") and insured by Progressive Casualty Insurance Company ("Progressive").  On October 3, 2016, the parties submitted a joint statement regarding current discovery disputes.  The Court has reviewed this statement and considered the parties' positions and rules as follows:

1. **Amity's Interrogatories Nos. 5 and 6 seek information related to the persons responsible for the claim and investigation conducted by Progressive.**

Progressive shall provide to Amity the names of the department and/or individuals who were involved with handling the claim, with the caveat that Progressive does not accept or consent to the terminology used in the language of the request.

2. **Amity's Interrogatory No. 17 asks for details including name, address, and contact phone number of the persons or entities who have brought claims against Progressive for its failure to pay the value to its insured for the years 2007 through 2011.**

1

Progressive is largely correct that the request is overly broad, but the request can be limited. Progressive shall provide the number of claims filed against it in Connecticut for the years 2009 through 2011 relating to disputes over valuation of vehicles.

3. **Amity's Requests for Production Nos. 1 and 2 seek documents in Progressive's possession relating in any way to Plaintiff's date of loss and documents in Progressive's possession relating in any way to the policy at issue.**

Progressive shall produce any and all documents relating to the underwriting of the account and shall produce its file for claims filed by Amity. Any documents covered by the Work Product Doctrine should be listed on a privilege log. Such log shall be provided to Amity at the same time as the responsive, non-privileged documents.

4. **Plaintiff's Request for Production No. 5 seeks a copy of all tender issued to anyone for the resolution of the Plaintiff's date of loss 11/29/2010.**

Progressive has already provided to Amity copies of all checks issued to Amity. Amity seeks in addition copies of any tender issued to others. Progressive shall provide Amity with copies of any tender issued to others, with the caveat that Progressive objects to the terminology of the request.

5. **Amity's Request for Production No. 7 seeks a copy of all Progressive guidelines, policies, rules, or regulations used by Progressive in establishing or determining the insured value of vehicles.**

The request is broad. It shall be limited as follows: Progressive shall provide only those documents relating to determining the value of vehicles in responding to / adjudicating claims under the type of policy at issue here that were in effect at the time Amity made its claim.

6. **Amity's Request for Production No. 9 seeks a copy of any correspondence, notes or other documents which evidence communication between Progressive and third parties regarding the Plaintiff's date of loss 11/29/2010**.

Progressive shall produce responsive documents. To the extent any documents are privileged, they must be listed on the privilege log.

7. **Amity's Request for Production No. 11 seeks a list of any and all claims or claim disputes identified in response to Interrogatory No. 17, including the docket number and court for all claims which resulted in a case being filed.**

The request is too broad, and shall be limited as follows:  Progressive shall provide the docket numbers for cases filed against it in Connecticut for the years 2009 through 2011 relating to disputes over valuation of vehicles.

Discovery responses, including a privilege log, if any, shall be due within **thirty (30) days** of the date of this Order and shall be in accordance with the above.

This is not a Recommended Ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and D. Conn. L. Civ. R. 72.2.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED, this  11th  day of October, 2016, at Bridgeport, Connecticut.

/s/ *William I. Garfinkel*
WILLIAM I. GARFINKEL
United States Magistrate Judge